UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN REID, | ) |
| | ) |
| Petitioner, | ) CASE NO. 2:07-cv-01409-RSL-JLW |
| | ) |
| v. | ) |
| | ) |
| D.K. SISTO, Warden, | ) ORDER RE: SUPPLEMENTAL |
| | ) BRIEFING |
| Respondent. | ) |
| | ) |

Governor Schwarzenegger reversed the Board of Parole Hearings' determination that petitioner be granted a parole release date. The Governor found that "his release from prison would pose an unreasonable risk of danger to society at this time …." Petitioner claims that the Governor's decision denied him due process of law. The central issue before this Court is whether the Governor's decision, and the state court decisions upholding it, are supported by "some evidence" in the record.

Integral parts of the Governor's decision were his findings that:

(1) Petitioner was disciplined for "disrespectful or assaultive conduct" in 1988 for making a racial comment to a correctional officer, and for "aggressive and threatening behavior toward an officer" in 1994;

(2) Petitioner was disciplined for "possession of unissued property in 1989 and for not following count procedures in 1985, [and] correctional officers reported that Mr. Reid, on both occasions, used profane and/or threatening language in response to their efforts to counsel him";

ORDER RE: SUPPLEMENTAL BRIEFING - 1

(3) A correctional officer reported that Mr. Reid became "belligerent, with an intimidating attitude" when counseled by a correctional officer about the institution's "No Dorm Visiting Policy" in 1997; and

(4) Petitioner has a "documented history of inappropriately managing his anger."

In reviewing the voluminous record in this case, this Court has been unable to identify the factual predicate for each of the findings listed above. If there is documentation for them, it is possible that the court has simply not located it yet. Alternatively, there may be additional portions of petitioner's central file at the institution which were considered by the Governor, but were not included in the record presented in this case.

It is therefore ORDERED:

(1) Within 30 days after the date of this order, respondent shall submit an additional filing, which shall:

    (a) provide specific citations to any portions of the record which support the above findings of the Governor;

    (b) supplement the record with any additional portions of the petitioner's institutional record that support the above findings; and

    (c) provide any additional briefing regarding the facts supporting the Governor's decision as respondent deems appropriate.

(2) Within 30 days after receipt of respondent's supplemental filing, petitioner may file and serve a response.

DATED this 26th day of June, 2009.

/s/ John Weinberg
JOHN L. WEINBERG
United States Magistrate Judge

ORDER RE: SUPPLEMENTAL BRIEFING - 2