UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN REID, | ) |
| | ) |
| Petitioner, | ) CASE NO. 2:07-cv-01409-RSL-JLW |
| | ) |
| v. | ) |
| | ) |
| D.K. SISTO, Warden, | ) SUPPLEMENTAL REPORT AND |
| | ) RECOMMENDATION |
| Respondent. | ) |
| | ) |

I.  DUE PROCESS RIGHT - POST-*HAYWARD*

Petitioner Kevin Reid is a state prisoner who has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 16, 2007, he filed the instant petition. (*See* Docket 1.) Petitioner contends he was denied his federal constitutional due process rights when Governor Schwarzenegger reversed his November 2004 parole grant by the Board of Parole Hearings of the State of California (the "Board").[1] (*See id.*) As of this writing, petitioner has been in custody for approximately twenty-four years.

On March 17, 2010, the undersigned issued a Report and Recommendation which recommended the petition be denied. (*See* Dkt. 25.) This analysis was based upon then-available United States Supreme Court and Ninth Circuit Court of Appeals precedent. Absent

---

[1] The Board of Parole Hearings replaced the Board of Prison Terms, which was abolished on July 1, 2005. *See* California Penal Code § 5075(a).

SUPPLEMENTAL REPORT                   -1
AND RECOMMENDATION

from my Report and Recommendation was the Ninth Circuit's en banc decision in *Hayward v. Marshall*, which had been pending for approximately two years. 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008). Before this Court rendered a final decision in this case, the Ninth Circuit decided *Hayward*, No. 06-55392, 2010 WL 1664977 (9th Cir. Apr. 22, 2010) (en banc). The law in this Circuit now holds that "the right in California to parole in the absence of some evidence of one's future dangerousness to the public arises from California law." *Id.* at *11.

This matter has now been re-referred to me, pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule MJR 4, and Fed. R. Civ. P. 72(b), to determine whether any further proceedings are necessary in light of *Hayward*. (*See* Dkt. 26.) After carefully reviewing *Hayward*, I do not believe any further proceedings are required. The reasoning and analysis in my Report and Recommendation is consistent with *Hayward*, with the exception of my reliance upon U.S. Supreme Court case law for the principle that there is a federal constitutional right, independent from any rights under state law, to release on parole in the absence of "some evidence" of current dangerousness. Post-*Hayward*, the issue left undecided in the Ninth Circuit is "whether a right arises in California under the United States Constitution to parole in the absence of some evidence of future dangerousness." *Hayward*, 2010 WL 1664977, at *11.

For the reasons set forth in my Report and Recommendation, this Court should find that the Governor's 2005 parole denial did not deny petitioner any rights protected by California law and therefore no federal constitutional violation under the Due Process Clause occurred. *See Board of Pardons v. Allen*, 482 U.S. 369 (1987). Given the totality of the

01  Governor's findings, there is "some evidence" in the record that petitioner's release on parole

02  as of the Governor's 2005 decision would have posed an unreasonable risk to public safety.

03  The California courts' orders upholding the Governor's decision were therefore not contrary

04  to, or an unreasonable application of, clearly established federal law, or based on an

05  unreasonable determination of facts.  Because the Governor and the state courts did not

06  violate petitioner's rights under California law, there could not be any violation of federal

07  constitutional rights.  This Court need not, in this case, decide the issue left open in *Hayward*.

08  Nor is there a need to amend my prior recommendation that the petition be denied.

09          II.     CERTIFICATE OF APPEALABILITY - POST-*HAYWARD*

10          The federal rules governing habeas cases brought by state prisoners were recently

11  amended to require a district court that denies a habeas petition to grant or deny a certificate

12  of appealability in the ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C.

13  § 2254 (effective December 1, 2009).  Previously, the Ninth Circuit held that a prisoner was

14  not required to obtain a certificate of appealability from administrative decisions, such as a

15  denial of parole.  *See White v. Lambert*, 370 F.3d 1002, 1010 (9th Cir. 2004); *Rosas v.*

16  *Nielsen*, 428 F.3d 1229, 1231-32 (9th Cir. 2005).

17          In *Hayward* the Ninth Circuit overruled "those portions of *White* and *Rosas* which

18  relieve a prisoner from obtaining a certificate of appealability."  *Hayward*, 2010 WL

19  1664977, at *5.  A certificate of appealability is now required to "confer jurisdiction on [the

20  Ninth Circuit] in an appeal from a district court's denial of habeas relief in a § 2254 case,

21  regardless of whether the state decision to deny release from confinement is administrative or

22  judicial."  *Id.*

01    In order to obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Specifically, if a court denies a petition, a certificate of appealability may only be issued "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. The Ninth Circuit recently described this standard as "lenient." *Hayward*, 2010 WL 1664977, at *4.

11    For the reasons set forth in the discussion of the merits in my Report and Recommendation, jurists of reason could find the result recommended in this case debatable. Accordingly, I recommend that the Court grant petitioner a certificate of appealability on the issue of whether the state courts' rejection of petitioner's federal due process claim was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

### III.   CONCLUSION

In sum, I recommend the Court: 1) find that petitioner's federal constitutional rights were not violated; 2) deny the petition; 3) dismiss this action with prejudice; and 4) grant a certificate of appealability.

01        This Supplemental Report and Recommendation is submitted to the United States
02 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).
03 Within fourteen (14) days after being served with this Supplemental Report and
04 Recommendation, any party may file written objections with this Court and serve a copy on
05 all parties.  Such a document should be captioned "Objections to Magistrate Judge's
06 Supplemental Report and Recommendation."  Any response to the objections shall be filed
07 and served within fourteen (14) days after service of the objections.  The parties need not, and
08 should not, however, repeat arguments they presented in their objections to the original
09 Report and Recommendation.  The parties are advised that failure to file objections within the
10 specified time might waive the right to appeal this Court's Order.  *See Martinez v. Ylst*, 951
11 F.2d 1153 (9th Cir. 1991).  A new proposed order accompanies this Supplemental Report and
12 Recommendation.
13        DATED this 17th day of May, 2010.

14
15                                              _____
                                                JOHN L. WEINBERG
16                                              United States Magistrate Judge
17
18
19
20
21
22

SUPPLEMENTAL REPORT              -5
AND RECOMMENDATION